**Ex parte Jimmy FLEMING.**

**No. 18826.**

Court of Civil Appeals of Texas,
Dallas.

Dec. 30, 1975.

Rehearing Denied Jan. 29, 1976.

Kenneth Mahand, Houston, for appellant.

David E. Watkins, Jenkins & Watkins, Inc., Douglas A. Barnes, Dallas, guardian ad litem, for appellee.

AKIN, Justice.

■ This is an original habeas corpus proceeding under Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp.1974). The question presented is whether an order in a divorce decree directing relator, in his capacity as trustee of fund for the benefit of the parties' minor son, to pay respondent's attorney the sum of $2,000 from such fund is void. The relevant part of the judgment is:

> The Court finds that Petitioner and Respondent are holding in trust one Certificate of Deposit, No. 362143, in the Dallas Federal Savings & Loan Association of Dallas, Texas, issued June 3, 1974, in the amount of $4,300.00 plus accrued interest, for the use and benefit of PAUL DAVID FLEMING, and that Petitioner should be appointed sole trustee of this trust fund.

> It is therefore ORDERED and DECREED that Petitioner be the sole and exclusive trustee of such funds for the use and benefit of PAUL DAVID FLEMING.

> The Court finds that it was necessary for Respondent to secure the services of DAVID E. WATKINS, a licensed attorney, to preserve and protect the rights of Respondent. The Court further finds that a fee of Three Thousand Dollars ($3,000.00) is reasonable and proper for the services rendered, and the Respondent is not able to pay this fee.

> It is therefore ORDERED that DAVID E. WATKINS, a licensed attorney, be and is hereby awarded attorney's fees in the amount of Three Thousand Dollars ($3,000) for legal services rendered. *The sum of Two Thousand Dollars ($2,000.00) shall come out of the trust fund for the use and benefit of PAUL DAVID FLEM-ING previously mentioned*, and the sum of One Thousand Dollars ($1,000.00) is awarded in the form of a judgment against Petitioner, for which let execution issue if not timely paid. [Emphasis added.]

Relator refused to comply with the part of the judgment ordering payment of $2,000 from the trust fund and, on October 24, 1975, after notice and hearing, relator was found in contempt of court and ordered to be confined in jail for seventy-two hours and thereafter until he complied with the court's order. We granted bail pending hearing.

■ Relator argues that the trial court was without authority to divest funds owned by the minor son, Paul David Fleming, to pay respondent's attorney's fee. We agree. We have reviewed the pleadings in the original divorce proceeding and find no claim by either party upon which the trial court could base such an order. A court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void. *Douthit v. Anderson*, 521 S.W.2d 127, 129 (Tex.Civ.App., Dallas 1975, no writ). Moreover, since no controversy between the parties existed as to the trust, the trial court lacked jurisdiction to divest the trust of funds. *Davis v. First National Bank*, 139 Tex. 36, 44, 161 S.W.2d 467, 472 (1942). Consequently, we hold that the judgment in so far as it purports to divest trust funds is void and relator, as trustee, was not guilty of contempt in resisting payment of trust funds to respondent's attorney. It follows that the contempt order is also void.

Relator discharged.