ACCEPTED
01-14-00869-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/2/2015 11:37:24 AM
CHRISTOPHER PRINE
CLERK

No. 01-14-00869-CV

In the First Court of Appeals

Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/2/2015 11:37:24 AM
CHRISTOPHER A. PRINE
Clerk

_____

RICHARD MAKOVER,

*Appellant*,

v.

RANDY S. TURRENTINE,

*Appellee.*

_____

Appeal from the Court at Law Number Three

Galveston County, Texas

_____

**BRIEF FOR APPELLANT**

_____

THE SMEBERG LAW FIRM, PLLC

Ronald J. Smeberg
State Bar No. 24033967
2010 W. Kings Hwy
San Antonio, Texas 78201
TEL  (210) 695-6684
FAX (210) 598-7357

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

**Appellant/Plaintiff**

Richard Makover

**Counsel for Appellant**

Ronald J. Smeberg
The Smeberg Law Firm, PLLC
2010 W. Kings Hwy
San Antonio, Texas 78201

**Appellee/Defendant**

Randy S. Turrentine

**Counsel for Appellee**

Kyle L. Dickson
Murray | Lobb, PLLC
700 Gemini, Suite 115
Houston, Texas 77058

## TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL……………………………...…………ii

INDEX OF AUTHORITIES…………………………………..…………….…..vi

STATEMENT OF THE CASE……………………………………………..……..1

ISSUES PRESENTED……………………………………………….………1

1. Did the county court err in granting judgment in favor of Appellee when the Appellee did not meet his burden of proof and presented no evidence establishing his entitlement to the requested funds?

2. Did the county court err in holding that Appellant was liable to Appellee for the Debts of the corporation RAM Design + Build, when Appellant signed all contracts as an agent/officer of RAM Design + Build?

3. Did the county court err in holding that Appellant was liable to Appellee in the amount of Four Thousand Four Hundred Sixteen Dollars ($4,416.00) for a Construction Trust Fund violation, when appellee received only Four Hundred Sixty-Six and 56/100 Dollars ($466.56), if any, towards the Construction Trust Fund?

4. Did the county court err in holding that, Appellee shall be awarded Five Thousand Dollars ($5,000.00) if Appellee prevails in the Court of Appeals, when Appellee did not request such amounts in its First Amended Original Petition?

5. Did the county court err in holding that Appellee shall be awarded Seven Thousand Five Hundred Dollars ($7,500.00) if Appellee prevails in the Supreme Court, when Appellee did not request such amounts in its First Amended Original Petition?

STATEMENT OF FACTS…………………………………………………..……...2

    *RAM Design + Build enters into contract with City of Friendswood*………..2

    *RAM uses escrow agent to receive and disburse Friendswood funds*……….2

*RAM files for Chapter 7 under the United States Bankruptcy Code*............3

*Plaintiff files suit against Richard Makover*...............................4

*Makover appeals default judgment to County Court*......................4

SUMMARY OF THE ARGUMENT.........................................5

ARGUMENT AND AUTHORITIES.......................................6

I.   TURRENTINE FAILED TO MEET HIS BURDEN OF PROOF.....................6

II.  MAKOVER NOT LIABLE FOR CORPORATE DEBTS ........................8

    a.   Turrentine's claim lies with RAM + Design Build, not Makover

III. CONSTRUCTION TRUST FUND VIOLATION..............................9

    a.   Makover was not a trustee

    b.   Makover did not Misappropriate Trust Funds

    c.   If any funds were held in Trust, such funds were limited

IV.  AWARD OF $5,000 IF PLAINTIFF PREVAILS AT COURT OF APPEALS..............11

    a.   The County Court Erred in Awarding Turrentine amounts not in Pleadings

V.   AWARD OF $7,500 IF PLAINTIFF PREVAILS ON MOTION FOR REHEARING OR APPLICATION FOR A WRIT OF ERROR..............................12

    a.   The County Court Erred in Awarding Turrentine amounts not in Pleadings

CONCLUSION AND PRAYER...........................................12

CERTIFICATE OF COMPLIANCE.......................................14

CERTIFICATE OF SERVICE............................................14

APPENDIX

CLERK'S RECORD, CR 1-84

A -   Plaintiff's First Amended Original Petition, filed August 20, 2014, CR 44-62

B -   Plaintiff's Original Petition, CR 22-23

C -   Default Judgment, CR 16

D -   AIA Contract signed August 16, 2011, CR 48-62

E -   Defendant's Original Answer, CR 28-29

F -   Appeal Bond, CR 30-33

G -   Defendant's Pro Se Answer, CR 36-40

H -   Defendant's Second Amended Answer, filed August 25, 2014, CR 63-67

I -   Final Order, signed October 1, 2014, CR 68-69

REPORTER'S TRANSCRIPT, RT 1-39 (Appendix J)

EXHIBITS TO REPORTER'S TRANSCRIPT, RTE 1-52

K -   Escrow Agreement, RTE 34-42

L -   COP Accounting, RTE 44- 49

M -   RAM Corporate Status, RTE 51

# INDEX OF AUTHORITIES

**CASES**

Goswami v. Metropolitan Sav. and Loan,
     751 S.W.2d 487 (Tex. 1988)……………………………………………………3

Wilson v. Korthauer,
     21 S.W.3d 573 (Tex.App.—Houston [14th Dist.] 2000)……………………..3

Allstate Ins. v. Felts,
     No. 09-92-239 CV, 1993 WL 367053 (Tex.App.—Beaumont 1993), writ
     denied (Apr. 28, 1994)..………………………………………………..……..5

Plas-Tex, Inc. v. U.S. Steel Corp.,
     772 S.W.2d 442 (Tex. 1989)……………………..………………………….5

INA of Texas v. Adams,
     793 S.W.2d 265 (Tex.App.—Beaumont 1990, no writ)……………………5

Perry & Perry Builders, Inc. v. Galvan,
     No. 03-02-00091-CV, 2003 WL 21705248 (Tex.App.—Austin 2003)……..7

Webb v. Glenbrook Owners Ass'n, Inc.,
     298 S.W.3d 374 (Tex.App.—Dallas 2009)………………………………......9

Ex parte Flemming,
     532 S.W.2d 122 (Tex.Civ.App.-Dallas 1975, no writ.)…………………......9

Loban v. City of Grapevine,
     No. 2-09-068-CV, 2009 WL 5183802 (Tex.App.—Fort Worth 2009)………9

**STATUTES**

Tex. Bus. & Com. Code §21.223(2)…………………………………………………6

Tex. Prop. Code §162.031(a)…………………………………………………......7

Tex. Prop. Code §162.031(b)……………………..…………………………….....7

Tex. R. Civ. Pro. Rule 301………………………………..……………………...8

TO THE HONORABLE FIRST COURT OF APPEALS:

## STATEMENT OF THE CASE

*Nature of the case*    Sub-contractor sued officer/director of general contractor for failure to pay for work performed.

*Trial Court*    Galveston County Court at Law No. Three

*Trial court's disposition*    Awarded plaintiff damages in the amount of $4,416.00, plus additional amounts if appealed.

## ISSUED PRESENTED

1. Did the county court err in granting judgment in favor of Appellee when the Appellee did not meet his burden of proof and presented no evidence establishing his entitlement to the requested funds?

2. Did the county court err in holding that Appellant was liable to Appellee for the Debts of the corporation RAM Design + Build, when Appellant signed all contracts as an agent/officer of RAM Design + Build?

3. Did the county court err in holding that Appellant was liable to Appellee in the amount of Four Thousand Four Hundred Sixteen Dollars ($4,416.00) for a Construction Trust Fund violation, when appellee received only Four Hundred Sixty-Six and 56/100 Dollars ($466.56), if any, towards the Construction Trust Fund?

4. Did the county court err in holding that Appellee shall be awarded Five Thousand Dollars ($5,000.00) if Appellee prevails in the Court of Appeals, when Appellee did not request such amounts in its First Amended Original Petition?

5. Did the county court err in holding that Appellee shall be awarded Seven Thousand Five Hundred Dollars ($7,500.00) if Appellee prevails in the Supreme Court, when Appellee did not request such amounts in its First Amended Original Petition?

*RAM enters into Contract with City of Friendswood*

RAM + Design Build ("RAM") was hired by the City of Friendswood to rehabilitate and make additions to a fire station.[1]  In the regular course of the construction business, RAM hired RST Designs ("RST") as a subcontractor to help complete the Friendswood project.[2]

The Friendswood Project was covered by a bond through Evergreen National Indemnity Company ("ENIC") for an amount of $302,054.00.[3]

*RAM uses escrow agent to receive and disburse Friendswood funds*

RAM was not in charge of receiving payments or making disbursements on the Friendswood project.[4]  All payments were received by an escrow agent, Contract Operations Planning, LLC ("COP").[5]  Payments were disbursed by COP to all subcontractors upon timely receipt of applications, payroll, invoices, etc.[6]

COP disbursed a payment to RAM on May 9th, 2012 for all work and labor performed by RAM prior to that date.[7]  Plaintiff performed his work sometime in June of 2012.[8]  Then, RAM received a payment of $466.56 from COP on July 19,

---

[1] Testimony of Turrentine, RT 7:1; Testimony of Makover, RT 12:14-15
[2] Testimony of Turrentine, RT 6:20; AIA Contract, CR 48-62
[3] COP Accounting, RTE 44
[4] Testimony of Makover, RT 13:6-15.
[5] Id.; Escrow Agreement, RTE 34-42
[6] Escrow Agreement, RTE 34-42
[7] COP Accounting, RTE 47
[8] Testimony of Turrentine, RT 9:21-10:5

2012.[9]  This was the last payment RAM received for the Friendswood Project and the only payment received after Plaintiff performed his work on the Friendswood Project.[10]

Funds were disbursed to contractor and subcontractors as they were applied for or as they became available.[11]  Subcontractors, if unpaid, could claim from the surety bond with ENIC.[12]

### *RAM files for Chapter 7 under the United States Bankruptcy Code*

Due to several construction projects that fell through, ran over budget, or were completed late, through no fault of RAM, RAM had to file for bankruptcy on April 15, 2013.[13]  RAM originally filed for Chapter 11, but the case was eventually converted into a Chapter 7 Bankruptcy.[14]  Due to its insolvency, RAM doesn't have any non-exempt assets from which to pay Plaintiff for any Friendswood payments not received.[15]

---

[9] COP Accounting, RTE 47
[10] COP Accounting, RTE 47; Testimony of Makover, 17:13-23
[11] Id.
[12] Escrow Agreement, RTE 34-42; Email to Turrentine from Surety, RTE 5-7; Testimony of Makover, RT 18:11-19;
[13] Testimony of Makover, RT 20:17-21:1
[14] Id.
[15] Id.

*Plaintiff files suit against Richard Makover*

For reasons unknown to Defendant, Plaintiff did not claim against the Surety bond.[16]   Also, knowing that he could not recover from RAM due to its bankruptcy, Plaintiff filed its original suit against Makover for breach of contract in small claims court.[17]  Plaintiff was granted default judgment against Makover.[18]

*Makover appeals default judgment to County Court*

Makover appealed the default judgment to county court claiming defenses for defect in parties, suit in wrong capacity, laches, and failure to mitigate.[19]

Plaintiff amended his complaint to sue solely on the basis of a Construction Trust Fund Violation.[20]  While neither Plaintiff's amended petition nor defendant's amended answer were timely filed, the Court did not indicate that it was only basing its judgment upon timely filed pleadings, nor did it strike either late filed pleading, therefore, the Appellate Court should presume that the Court based its judgment upon the latest filed pleadings.[21]

---

[16] Testimony of Turrentine, RT 9:15-18;
[17] Plaintiff's Original Petition, CR 22-23
[18] Default Judgment, CR 16
[19] Defendant's Original Answer, CR 28-29; Defendant's Pro Se Answer, CR 36-40; and Defendants Second Amended Answer, CR 63-67
[20] Plaintiff's First Amended Original Petition, CR 44-62
[21] Goswami v. Metropolitan Sav. And Loan, 751 S.W.2d 487, 490 (Tex. 1988)(finding trial court granted leave to file late pleading where pleading was filed within seven days of summary judgment proceeding, which is considered a trial within the meaning of Rule 63); Wilson v. Korthauer, 21 S.W.3d 573, 577-78 (Tex. App. 2000)(holding that Appellate court must presume the trial court granted leave to file a late pleading even though the filer failed to request leave when: (1) the records fails to show that the trial court did not consider the

To perfect his appeal, Makover had to post an appeal bond with the court.[22] Upon rendering judgment, the court ordered that the funds of the bond be turned over to Plaintiff.[23]

## SUMMARY OF THE ARGUMENT

Appellant, Richard Makover, raises five issues on this appeal. First, Makover argues that the court erred in rendering judgment on behalf of Appellee when Appellee did not satisfy its burden of proof. Appellee presented no evidence nor testimony which showed that Makover misappropriated Construction Trust Funds.

Second, Makover believes that the trial court granted judgment in favor of Plaintiff in error, as the correct party to be sued is RAM + Design Build. Makover is merely an officer/director of RAM, and therefore is not personally liable for the debts and liabilities of RAM.

Second, Makover believes that he was not a trustee as defined by the Construction Trust Fund Doctrine in Tex. Prop. Code §162.002. However, if Makover is a trustee, Makover did not intentionally or knowingly misappropriate trust funds. Rather, all trust funds were used to pay actual expenses related to the Friendswood project. Moreover, after Appellee completed his work, Makover only

---

amended pleading, and (2) there is not a sufficient showing of surprise or prejudice on the part of the opposing party)

[22] Appeal Bond, CR 30-33

[23] Final Judgment, CR 68-69

received $466.56 from the project owner. Therefore, at most, there could be only $466.56 of trust funds in Makover's control.

Third, the trial court erred in granting Plaintiff an award of $5,000 if Plaintiff were to prevail in the Court of Appeals, when such relief was not sought nor requested in the Plaintiff's pleadings.

Finally, the trial court erred in granting Plaintiff an award of $7,500 if Plaintiff were to prevail in a Motion for Rehearing or an Application for a Writ of Error, when such relief was not sought nor requested in the Plaintiff's pleadings.

## ARGUMENT AND AUTHORITIES

### Turrentine failed to meet his Burden of Proof

"The test used to determine factual insufficiency of the evidence is to consider all the evidence including that which is contrary to the judgment."[24] "A factual insufficiency point may be sustained if this Court determines that the findings of a vital fact is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust."[25]

---

[24] Allstate Ins. v. Felts, No. 09-92-239 CV, 1993 WL 367053, at *3 (Tex.App.—Beaumont 1993), writ denied (Apr. 28, 1994) (citing to Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442 (Tex.1989)).

[25] Allstate Ins. v. Felts, No. 09-92-239 CV, 1993 WL 367053, at *3 (Tex.App.—Beaumont 1993), writ denied (Apr. 28, 1994) (citing to INA of Texas v. Adams, 793 S.W.2d 265 (Tex.App.—Beaumont 1990, no writ)).

Plaintiff's sole claim was for a violation of the Construction Trust Fund.[26] At trial, the only physical evidence the Plaintiff presented was a copy of the contract Plaintiff had with RAM.[27] Further, Plaintiff presented no testimony as to how the funds were misappropriated, or rather if the funds were misappropriated.[28]

Plaintiff testified that he entered into a contract with RAM to perform work on the Friendswood project.[29] Further, he states that Makover assured him he would get paid, and that was the reason he filed suit.[30]

Turrentine's evidence references a contract with RAM not Makover.[31] He made no arguments, nor presented any evidence toward a Construction Trust Fund Violation. However, Makover, did present evidence that he was not a Trustee.[32] For these reasons, the court erred in granting judgment in favor of Plaintiff who failed to meet his burden of proof. In the current case, the court made a decision not based on the evidence, which was so contrary to vital facts and evidence presented rendering the judgment wrong and unjust. For these reasons, the trial court's judgment should be reversed and judgment should be rendered in favor of Appellant.

---

[26] Plaintiff's First Amended Original Petition, CR 44-62
[27] AIA Contract, CR 48-62
[28] Testimony of Turrentine, RT 6-11, 29-33
[29] Id. at RT 6:20-21
[30] Id. at RT 29:10-12
[31] Id. at RT 6:20-21
[32] Testimony of Makover, RT 13:6-15

*Makover not liable for Corporate Debts*

As a matter of law, Makover is not personally liable for any corporate accounts or debts in the name of RAM Design + Build, if any such accounts exist. Makover, as a director and registered agent of RAM, "may not be held liable to the corporation or its obliges with respect to any contractual obligation of the corporation or any matter relating to or arising from the obligation."[33]

RAM was at all times a corporate entity, and the contracts signed by Makover and Turrentine state that the contracts were between RAM and RST. Further, Makover signed as "President" of RAM, not in an individual capacity.[34] The contract was executed on August 16, 2011 and Makover established at trial that his corporation was in good standing at all relevant times.[35] Further, Plaintiff testified at trial that he understood RAM was a Corporation and he was not challenging its status.[36] Therefore, because Makover was an officer of RAM, which was a valid Texas corporation at all relevant times, and Plaintiff's contract was with RAM, the Trial Court erred in granting judgment to Plaintiff against Makover in an individual capacity. For these reasons, the trial court's judgment should be reversed and judgment should be rendered in favor of Appellant.

---

[33] Tex. Bus. & Com. Code §21.223(2).
[34] AIA Contract, CR 48-62
[35] AIA Contract, CR 48-62; Testimony of Makover, RT 12:19-22; RAM Corporate Status, RTE 51
[36] Testimony of Turrentine, RT 8:3-14

***Construction Trust Fund Violation***

   A. *Makover was not a Trustee*

   Plaintiff's sole claim for a Construction Trust Fund Violation should fail because Makover was not a Trustee of any Construction Trust Funds, and plaintiff did not provide any evidence to show otherwise.  The escrow agent, COP, received and disbursed all payments according to any applications it received.[37]  Makover made no determinations on which subcontractors got paid and in which order they were paid.[38]  Because Makover had no control of the project funds, the trial court's judgment should be reversed and judgment should be rendered in favor of Appellant.

   B. *Makover did not Misappropriate Trust Funds*

   If it is determined that Makover was a trustee, the code only prohibits a trustee from intentionally or knowingly retaining, using, disbursing, or otherwise diverting trust funds without fully paying all current or past due obligations incurred by the trustee to the beneficiaries.[39]  COP disbursed all amounts for applications received from subcontractors.[40]  If RAM received any funds from COP, it disbursed them accordingly or used them to pay other actual expenses directly related to the Friendswood project.[41]  The code provides that a trustee has an affirmative defense

---

[37] Escrow Agreement, RTE 34-42
[38] Id.; Testimony of Makover, RT 14:12-15:12
[39] Tex. Prop. Code §162.031(a)
[40] COP Accounting, RTE 44-49
[41] COP Accounting, RTE 44-49; Testimony of Makover, RT 17:2-12, 27:10-16

if, instead of paying trust beneficiaries, the trustee used the funds to pay other actual expenses directly related to the construction project.[42]

RAM and Makover were not trustees because they did not retain any funds. All funds were used to pay actual expenses directly related to the Friendswood project.[43]  Because RAM holds no trust funds, and did not misappropriate any trust funds, neither it nor Makover can be held liable for a Construction Trust Fund Violation under §162.031(a).  Further, because RAM used all the construction funds to pay expenses of the project, the Court should reverse the trial court's judgment and should render judgment in favor of Appellant.

### C. If any funds were held in Trust, such funds were limited

The last payment RAM received for the project prior to Appellee beginning his work was received on May 9, 2012.[44]  The payment received was for work done prior to Appellee beginning his work.[45]  The only other payment received by RAM after the May 9th payment was received on July 19, 2012 in the amount of $466.56.[46] There was no evidence that any of the money from the prior payment remained after Appellee finished its work.[47]  Therefore, the only evidence of potential "trust funds"

---

[42] Tex. Prop. Code §162.031(b); Perry & Perry Builders, Inc. v. Galvan, No. 03-02-00091-CV, 2003 WL 21705248, at *4 (Tex.App.—Austin 2003)
[43] Testimony of Makover, RT 17:2-12, 27:10-16
[44] COP Accounting, RTE 47
[45] Testimony of Makover, RT 16:18-17:12
[46] COP Accounting, RTE 47
[47] Even if funds remained from the prior payment, Makover contends those funds would have been from prior work unrelated to Appellee's work.  To hold that funds from prior work needed

was the $466.56 payment received on July 19, 2012. To the extent the Appellate Court finds there was sufficient evidence that the $466.56 were in fact trust funds that should have been paid to subcontractors, Makover requests the Court reverse the trial courts judgment and render a verdict in favor of plaintiff in an amount limited to $466.56.

### *Award of $5,000 if Plaintiff prevails at Court of Appeals*

Plaintiff's amended petition requested the following relief "Actual damages in an amount not less than Four Thousand Four Hundred Sixteen and No/100 Dollars ($4,416.00) plus pre- and post-judgment interest; and Costs of Court."[48] Plaintiff did not request relief for additional damages or costs in the event the case was appealed to the Court of Appeals, nor did the petition contain a "Mother Hubbard" clause.

According to Texas Rules of Civil Procedure "the judgment of the court shall conform to the pleadings."[49] Further, "a court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void."[50]

---

to be held to pay for future work would mean that contractors could not receive any payment for their own operating expenses until a job was completed. No courts have held that the trust fund statute requires such retention and as stated, no evidence was presented to suggest any such prior funds remained.

[48] Plaintiff's First Amended Original Petition, CR 44-62

[49] Tex. R. Civ. Pro. Rule 301

[50] Webb v. Glenbrook Owners Ass'n, Inc., 298 S.W.3d 374, 380 (Tex.App.—Dallas 2009) (citing to Ex parte Flemming, 532 S.W.2d 122, 123 (Tex.Civ.App.-Dallas 1975, no writ.).

Following this reasoning, more cases have held "A judgment that is not supported by any pleading or tried by consent is void."[51]

For these reasons, the court erred in granting Plaintiff the relief not requested in Plaintiff's First Amended Petition and the trial court's judgment should be reversed and judgment rendered in favor of Appellant.

### *Award of $7,500 if Plaintiff prevails on Motion for Rehearing or Application for a Writ of Error*

Defendant incorporates all arguments related to above Section entitled "Award of $5,000 if Plaintiff prevails at Court of Appeals."

For these reasons, the court erred in granting Plaintiff the relief not requested in Plaintiff's First Amended Petition and the trial court's judgment should be reversed and judgment rendered in favor of Appellant.

### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that the trial court's judgment be reversed as to 1) Makover's personally liability, 2) the amount of damages awarded to Plaintiff, 3) additional amounts awarded to Plaintiff which were not stated in Plaintiff's pleadings, and 4) for all further and just relief to which Appellant is entitled.

---

[51] Loban v. City of Grapevine, No. 2-09-068-CV, 2009 WL 5183802, at *2 (Tex.App.—Fort Worth 2009).

Appellant further requests that judgment be rendered in favor of Appellant, Richard Makover, and order that all funds pertaining to this case that have been received by Appellee be returned to Makover. If the Court finds that Richard Makover was a trustee in regard to the $466.56 received by RAM after Appellee began his work, Makover requests this Court render judgment in favor of Appellee in the amount of $466.56 and order that all funds pertaining to this case that have been received by Appellee be returned to Makover minus the $466.56. Appellant further requests all relief to which he is justly entitled.

Date: February 2, 2015

Respectfully Submitted,
The Smeberg Law Firm, PLLC.

By:    /s/ Ronald J. Smeberg
RONALD J. SMEBERG
State Bar No. 24033967
2010 West Kings Hwy.
San Antonio, Texas 78201-4926
(210) 695-6684, Telephone
(210) 598-7357, Facsimile
ron@smeberg.com
**ATTORNEY FOR RICHARD MAKOVER**

## CERTIFICATE OF COMPLIANCE

This brief was prepared with a conventional 14-point typeface, with footnotes in 12point typeface. The computer program used to prepare this document determined the word count to be **3802**, which includes all words contained in this brief.

/s/ Ronald J. Smeberg
Ronald J. Smeberg

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2015, a copy of the forgoing was served electronically or by regular United States mail to all interested parties listed below.

Kyle L. Dickson
Murray | Lobb, PLLC
700 Gemini, Suite 115
Houston, Texas 77058

and

Randy S. Turrentine
d/b/a RST Designs
5511 East Bellaire
Santa Fe, Texas 77510

/s/ Ronald Smeberg
Ronald J. Smeberg