**Affirmed and Opinion Filed October 3, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-23-00590-CV
_____

## IN THE INTEREST OF A.Y.K., M.Y.K. AND A.Y.K., CHILDREN

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-51499-2016**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Breedlove
Opinion by Justice Pedersen, III

A.Y.K.(1), M.Y.K., and A.Y.K.(2)'s father (Father) appeals the trial court's May 31, 2023 Order in Suit to Modify Parent-Child Relationship. In two issues, Father argues that the trial court erred by (1) separating the three brothers and placing the youngest brother, A.Y.K.(2), with Mother; and (2) awarding relief for which the children's mother (Mother) did not plead.[1] We affirm the trial court's order.

---

[1] Father's counsel stated his intention to waive a third issue that was included in the brief at oral argument; therefore, we do not address that issue in this opinion. *See* TEX. R. APP. P. 47.4.

## Background[2]

Father and Mother were married in 2006 and had three sons, A.Y.K.(1), M.Y.K, and A.Y.K.(2). The parties divorced in 2017. Pursuant to the agreed divorce decree, Father and Mother were made joint managing conservators and had shared possession of all three boys. On November 6, 2020, Father filed his Petition[3] to Modify Parent-Child Relationship alleging that circumstances had materially and substantially changed as it related to the emotional health and welfare of "A.Y.K.".[4] Mother filed an Original Answer including a general denial and a request for attorneys' fees ten days later. On October 15, 2021, Father filed an amended petition to modify, adding an allegation that circumstances had materially changed as it related to the emotional health and welfare of M.Y.K. in addition to his earlier allegation regarding A.Y.K.(1).

Father filed a Second Amended Petition on June 28, 2022. Mother filed a Counter-Petition to Modify on September 15, 2022, requesting relief regarding all three children. Father responded five days later with a Third Amended Petition, requesting relief regarding all three children. A bench trial was held on October 18,

---

[2] The facts of this case are well-known to the parties; therefore, we include only those details pertinent to this appeal. *See* TEX. R. APP. P. 47.1.

[3] Because Mother and Father each filed several amended pleadings throughout the course of this litigation, we include only the details of the live pleadings and the trial court's order.

[4] Father used the abbreviation "A.Y.K." for both the oldest and youngest boys in his petition and amended petition, and the petitions are not sufficiently specific to discern to which child he intended to refer. However, based on the affidavit attached to the First Amended Petition in conjunction with the trial court's judgment, it appears Father intended to refer to A.Y.K.(1), the eldest son.

2022, and October 31, 2022. On November 2, 2022, the trial court entered a partially handwritten, signed and dated "Court's Memorandum" addressing the various requests for relief made by both parties, with a note that "Counsel for Mother is to draft the Final Order." The parties did not receive this memorandum ruling until April 5, 2023.[5]

Father filed a Motion to Reconsider and Motion to Reopen Evidence on April 12, 2023. Mother filed her own Motion to Reconsider and Reopen Evidence on April 20, 2023. She also sent the requested final order draft to the trial court on May 3, 2023, with updates on medical support arrears provided on May 25, 2023, and, when the order went unsigned, moved the court to sign the order or respond with proposed changes. The trial court held a hearing on May 31, 2023, on the parties' motions to reconsider and reopen evidence and signed the proposed order drafted by Mother on that date, apparently denying the parties' motions to reconsider and reopen evidence.

Father requested Findings of Fact and Conclusions of Law on June 12, 2023, and filed his Notice of Past Due Findings of Fact and Conclusions of Law on July 5, 2023. Later that day, the trial court filed its Findings of Fact and Conclusions of Law. The court made the following findings of fact relevant to this appeal:

1.    Mother and Father are the parents of three sons, A.Y.K.(1), M.Y.K., and A.Y.K.(2)

---

[5] The record is unclear as to why it took nearly six months after trial had ended and the trial court issued its memorandum ruling for the parties to receive the ruling.

2. The circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the signing of a mediated settlement agreement upon which the order is based.[6]

3. The modification of conservatorship stated in the final judgment is in the best interest of the children.

4. The modification of possession and access stated in the final judgment is in the best interest of the children.

5. The Court's findings of fact relating to child support, health insurance, and dental insurance are contained in the final judgment signed by the Presiding Judge on May 31, 2023.

The court made the following conclusions of law relevant to this appeal:

1. The petition for modification filed by Petitioner and the counter-petition for modification filed by Respondent on in due form and contain all the allegations required by law.

2. The Court has jurisdiction over the subject matter of this suit, personal jurisdiction over Petitioner and Respondent, and continuing, exclusive jurisdiction over the children the subject of this suit as a result of prior proceedings.

3. All legal prerequisites for granting a modification to the parties' parenting plan have been met.

4. The modification of conservatorship stated in the final judgment should be granted.

5. The modification of possession and access stated in the final judgment should be granted.

6. Child support should be paid in the manner set forth in the final judgment.

---

[6] Both Father and Mother pled that circumstances materially and substantially changed since the mediated settlement agreement and that modification would be in the best interest of the children, and neither party argues to the contrary on appeal. Therefore we assume the prerequisites to modification were met as required under Texas Family Code § 156.101(a)(1)(A). *See* TEX. R. APP. P. 47.1.

7. Health and Dental Insurance should be provided and paid for in the manner set forth in the final judgment.

This appeal followed.

**Standard of Review**

We review a trial court's decision to modify a conservatorship order for a clear abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *In re M.A.M.*, 346 S.W.3d 10, 13 (Tex. App.—Dallas 2011, pet. denied). To determine whether the trial court has abused its discretion, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *See Vardilos v. Vardilos*, 219 S.W.3d 920, 921 (Tex. App.—Dallas 2007, no pet.). The operative inquiry in the first question is the sufficiency of the evidence. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). We must then decide whether, based on the elicited evidence, the trial court made a reasonable decision. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied).

**Discussion**

### *The Trial Court's Discretion to Make Different Modifications for Children of the Same Family*

Father complains in his first issue that the trial court abused its discretion by separating the three brothers and placing the youngest, A.Y.K.(2), with Mother. Specifically, Father challenges the portions of the trial court's order giving Mother

the exclusive right to designate A.Y.K.(2)'s primary residence and make certain decisions for him after consultation with Father, while Father has parallel rights with regard to the older two boys, as well as the portions placing A.Y.K.(2) on a different possession schedule than the older two boys. In his challenge, Father primarily relies on Texas Family Code § 153.251(c), which states that "[i]t is preferable for all children in a family to be together during periods of possession." Although § 153.251(c) applies to possession and not to conservatorship decisions, we interpret Father's argument as urging this Court to apply the policy underpinning that statute to the conservatorship context.

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002. In reviewing issues of best interest, Texas appellate courts look to the non-exhaustive list of factors articulated in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). The "Holley " factors include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one;

and (9) any excuse for the acts or omissions of the parent. *Holley*, 544 S.W.2d at 371–72.

Father's contention that the trial court abused its discretion in separating the three brothers conflates a preference for keeping siblings together with a requirement. The Family Code, however, imposes no such requirement. *See MacDonald v. MacDonald*, 821 S.W.2d 458, 463 (Tex. App.—Houston [14th Dist.] 1992, no writ) (holding that the best interest of the child is the primary consideration of the court and that if the best interest of the child conflicts with the policy of keeping children together, the best interest of the child supersedes). Here, the record indicates that the trial court heard evidence relevant to, and considered, the needs of all three children, including evidence that tended to suggest that A.Y.K.(2)'s experiences and needs were different than those of his older brothers. Most notably, the court heard evidence that the eldest two boys had a strong relationship with Father but had behavioral issues while with Mother and had a strained relationship with her. A.Y.K.(2) by contrast was often left out of "closed door" conversations at Father's house, did not express an interest to his therapist in spending more time at Father's house, and had a good relationship with Mother that was complicated by his brothers' poor behavior towards her.

As conservatorship determinations are "intensely fact driven," the trial court is in the best position to "observe the demeanor and personalities of the witnesses and can 'feel' the forces, powers, and influences that cannot be discerned by merely

reading the record." *Interest of J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021) (internal citations omitted). Although Father disagrees with the weight the trial court assigned to the evidence, there was at least some evidence of a substantive and probative character that exists to support the trial court's order assigning A.Y.K.(2) to a different possession and conservatorship schedule than his brothers; therefore, the trial court did not abuse its discretion. *See In re S.M.V.*, 287 S.W.3d 435, 446 (Tex. App.—Dallas 2009, no pet.). We overrule Father's first issue.

### *The Trial Court's Discretion to Grant Relief Not Explicitly Requested*

Father complains in his second issue that the trial court's modification of the rights and duties each parent has over A.Y.K.(2) is void because the trial court granted more relief than was requested by the parties, relying on Texas Rule of Civil Procedure 301, which requires that a judgment conform to the pleadings. Father argues that Mother's counter-petition sought six things and the trial court's order granted eleven, which was erroneous because there was no trial amendment and no trial by consent. Mother requested the trial court to make the following modifications:

1) Father have the exclusive right to designate the primary residence of A.Y.K.(1) and M.Y.K;

2) Mother have the exclusive right to designate the primary residence of A.Y.K.(2);

3) A geographic restriction be put in place so that the children continue to live in the area feeding into Otto Middle School and Williams High School;

–8–

4)     Order that the children continue to see their current therapists, and reunification therapist, until such time as those professionals release the children from care;

5)     Strike the parenting facilitation requirements;

6)     Each party shall have the right, subject to the agreement of the other parent conservator, to make decisions concerning the children's education, provided that the children continue to attend Otto Middle School, Williams High School, and/or Plano East High School.

Father challenges the following modifications regarding A.Y.K.(2) because they were not specifically requested in Mother's counter-petition:

1) The exclusive right, after consultation with the other parent conservator, to consent to medical, dental, and surgical treatment involving invasive procedures, except that Father shall have the exclusive right to make decisions, after consultation with Mother, for orthodontists for all three children and pay 100% for same;

2) The exclusive right, after consultation with the other parent conservator, to consent to psychiatric and psychological treatment of the child, except that A.Y.K.(2) shall continue to see his current therapist . . . at the frequency and duration determined by the respective therapists;

3) The exclusive right, after consultation with the other parent conservator, to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

4) The exclusive right, after consultation with the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States;

5) Except as provided by section 264.0111 of the Texas Family Code, the exclusive right, after consultation with the other parent conservator, to the services and earnings of the child;

6) Except when a guardian of the child's estate or a guardian or attorney *ad litem* has been appointed for the child, the exclusive right, after consultation with the other parent conservator, to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government;

7) The exclusive right, after consultation with the other parent conservator, to apply for a passport for the child, to renew the child's passport, and to maintain possession of the child's passport; and

8) The exclusive right, after consultation with the other parent conservator, to manage the estates of the child to the extent the estates have been created by the community or joint property of the parent.

9) The exclusive right to receive and give in receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child.

As this court has previously held, "[a] court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void." *Ex parte Fleming*, 532 S.W.2d 122, 123 (Tex. Civ. App.—Dallas 1975, no writ). But Father, in effect, asks us to re-write that rule to say that "a judgment unsupported by *pleadings of the party to whom relief is granted* is void." Under Father's interpretation of the rule, because Mother did not explicitly ask for some of the relief granted to her, the trial court had no jurisdiction to grant such relief. Father's contention is fundamentally flawed because it only considers one-half of the live pleadings. Father's own live pleading addresses the areas of relief the trial court granted for which Mother did not specifically plead. In a child custody case such as this involving two parents as managing conservators, the trial court has only two

–10–

individuals to whom it could assign rights—by granting relief to one party, the trial court implicitly denies that relief to the other. Father may not like the trial court's answer to his request for relief, but the trial court undoubtedly had jurisdiction to do so based on Father's own live pleading. *See Ex parte Fleming*, 532 S.W.2d at 123. Further, both Father and Mother included Mother Hubbard clauses requesting the trial court to grant any other relief necessary to ensure the welfare of the children or that the court deems is in the best interest of the children. These clauses are simply another basis invoking the trial court's jurisdiction to modify the parties' rights regarding A.Y.K.(2). We conclude that the relief granted by the trial court was supported by both parties' pleadings. *See id.*

More importantly, even if neither parent had included a broad request for relief or specifically addressed the challenged modifications, trial courts in SAPCRs are tasked with the duty of protecting the best interest of the child and are provided extensive powers, beyond that which they are granted in other types of suits, to ensure that duty is fulfilled. *See, e.g., Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967) ("a suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with the decretal powers in all relevant custody, control, possession and visitation matters involving the child. The courts are given wide discretion in such proceedings."). Likewise, this Court has consistently held that "pleadings are of little importance in child custody cases, and the trial court's efforts to exercise broad, equitable powers in determining what will

be best for the future welfare of a child should be unhampered by narrow technical rulings." *Peck v. Peck*, 172 S.W.3d 26, 35 (Tex. App.—Dallas 2005, pet. denied). Indeed, to hold otherwise would produce absurd results, forcing a court to make incomplete or inconsistent orders that fail to fully protect the best interest of the child simply because the parent's insufficient pleading. We have never put such restrictions on our trial courts in SAPCR cases, and we decline to do so today. As always, the best interest of the child is the primary consideration of the court, and courts must have a wide latitude in authority to ensure that the end result of litigation accomplishes this. *See* TEX. FAM. CODE ANN. § 153.002; *Peck*, 172 S.W.3d at 35. We overrule Father's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Bill Pedersen, III//

230590f.p05

BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF A.Y.K.,
M.Y.K. AND A.Y.K., CHILDREN

No. 05-23-00590-CV

On Appeal from the 469th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 469-51499-
2016.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee recover her costs of this appeal from appellant, YASSINE KANAAN.

Judgment entered this 3rd day of October, 2024.