ACCEPTED
01-14-01004-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/18/2015 11:49:04 PM
CHRISTOPHER PRINE
CLERK

**IN THE FIRST**

**COURT OF APPEALS**

**HOUSTON DIVISION**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/18/2015 11:49:04 PM

CHRISTOPHER A. PRINE
Clerk

**KEVIN CAMPBELL**
　　　　**Appellant**

**VS.**

**CATHERINE WILEY**
　　　　**Appellee**

_____

**APPELLANT'S BRIEF**

_____

**01-14--01004-CV**

_____

**In a case appealed from Cause No. PR-0075471**
**From the Probate Court of Galveston County, Texas**
**Kimberly Sullivan, Presiding Judge**

_____

Respectfully submitted,

/s/ Veronica L. Davis

Veronica L. Davis
Plaintiff-Petitioner
226 N. Mattson
West Columbia, Texas77486
(979) 345-2953
vld57atal@yahoo.com

TABLE OF CONTENTS

1.   Table of Authorities          i

2.   Certificate of Interested Persons          vi

3.   Statement of the Case          1

4   Statement of Jurisdiction          1

5.   Statement Regarding Oral Argument          1

6   Statement of Facts          1

7   Summary of Argument          8

8.   Issues Presented for Review          8

     1.   Whether the court lacked jurisdiction to initiate guardianship   8
          proceedings at the request of Maggiore

     2.   Whether the court lacked jurisdiction to change the
          temporary guardianship to a permanent guardianship without
          proper notice.          12

     3.   Whether the court could engage in ex parte proceedings with the
          ad litem during the pendency of the proceedings, in making orders
          premised on his application alone.          16

     4.   Whether Catherine Wylie had the right during the pendency   19
          of the proceedings to make any demands of the Appellant
          or its counsel for documents, as her temporary orders had expired.

     5.   Whether the court denied Appellant due process in failing
          to hear its Application for Guardianship, its Opposition
          to the Appointment of Wylie as Guardian and Appellant's   22

Application to Withdraw the Application for Guardianship

6.      Whether the court abused its discretion in reappointment     29
the  guardian ad litem.

7.      Whether the court erred in granting the fee petition of Maggiore 32

8.      Whether the court erred in denying Appellant the right to
proceed with its  guardian-ship application on the basis that
appellant had no live pleadings on file.     34

9.      Whether, during the pendency of this appeal,  the trial  court
erred in granting the Guardian an Order to Sale  the Ward's
Estate for Money due the guardian     38


9.    Conclusion     42

10.    Prayer     43

10.    Certificate of Service     44

11    Word Certification     44

# TABLE OF AUTHORITIES

**Baldwin v. Hale**, 68 U.S. (1 Wall.) 223, 233 (1863)........................ 27

**Brazzel v. Murray**, 481 S.W.2d 801, 803 (Tex. 1972)........................ 11

**Cleveland Bd. of Educ. v. Loudermill**, 470 U.S. 532, 546,
    105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ................................... 19

**Coleson v. Bethan**, 931 S.W.2d 706 (Tex.App. —Fort Worth 1996)......... 29

**El Apple I, Ltd. v. Olivas**, 55 Tex. Sup. Ct. J. 954 (Tex. June 22, 2012)... 32

**Ex parte Fleming**, 532 S.W.2d 122, 123
    (Tex.Civ.App.-Dallas 1975, no writ)........................................... 21

**Ex Parte R.D.N.**, 918 So. 2d 100 (Ala 2005)......................................... 18

**Fuentes v. Shevin**, 407 U.S. 67, 80-81 (1972)........................................ 27

**Gauci v. Gauci**, 01-14-00788, Ct.App- Houston[14th] 2015...................... 10

**Gen. Motors Corp. v. Bloyed**, 916 S.W.2d 949, 960 (Tex.1996) .............. 33

**Goldberg v. Kelly**, 397 U.S. 254, 269 (1970)........................................ 29

**Greene v. McElroy**, 360 U. S. 474, 360 U. S. 496-497 (1959)................... 29

**ICC v. Louisville & N. R. Co.**, 227 U. S. 88, 227 U. S. 93-94 (1913)......... 29

**In the Guardianship of Erickson**, 208 S.W.3d 737,  740-43
    (Tex.App.- Texarkana 2006)................................................................ 10.11

*In re Guardianship of B.A.G.*, 794 S.W.2d 510, 511–12 (Tex. App.-
    Corpus Christi 1990, no writ)................................................... 11

*In re Mask*, 198 S.W.3d 231, 234 n. 3 (Tex.App.-San Antonio
    2006, no pet. h.)................................................................................ 10

**Matter of JBK**, 931 S.W.2d 581 (Tex.App.-El Paso 1996)........................ 16

*Murchison v. White*, 54 Tex. 78 (1880)................................................. 11

**Ortiz v. Gutierrez**, 792 S.W.2d 118 (Tex.App.-San Antonio 1989,
    writ dism'd) ........................................................................ 9,10

***Peralta v. Heights Med. Ctr., Inc.***, 485 U.S. 80, 86, 108 S.Ct.
    896, 899 (1988)................................................................... 11,24

PNS Stores, Inc. v. Rivera, 379 S.W.3d 267, 272 (Tex. 2012)...................... 11

**Saldarriaga v. Saldarriaga**, 121 S.W.3d 493 (Tex.App.—Austin 2003)......... 10

**State v. C.J.F.**, 183 S.W.3d 841 (Tex.App.—Houston [1st Dist.] 2005)....... 35

**Stoner v. Thompson**, 578 S.W.2d 679, 682 (Tex.1979)............................. 21

**Surgitek Bristol Meyers Suibb vs. Abel**, 997 S.W.2d 598, 601 ................. 38

**Threatt v. Johnson**, 156 S.W. 1137 (Tex.Civ.App.-
    Texarkana 1913, no writ)....................................................... 9,10

*Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995).............. 11

*Whatley v. Walker*, 302 S.W.3d 314, 321 (Tex. App.-Houston
    [14th Dist.] 2009, pet. denied). ............................................... 11

*Willner v. Committee on Character & Fitness, 373 U. S. 96,
    373 U. S. 103-104 (1963)*................................................... 29

***Wilkinson v. Owens***, *72 S.W.2d 330 (Tex.Civ.App. 1932)*...................... 10

***Texas Disciplinary Rules of Professional Conduct*** *3.05* ...................... 17,18

**Texas Estate Code** §201.003...................................................................... 39

**Texas Estate Code** §251.010. ............................................................... 18

**Texas Estate Code** § 1051.101 ............................................................. 9

Tex. Est. Code § 1051.101(a)...................................................................... 11

Tex. Est. Code § 1051.102...................................................................... 12

**Texas Estate Code** § 1051.103 ............................................................. 9

Tex. Est. Code § 1051.104.............................................................. 13

Tex. Est. Code § 1051.104(a)(9)...................................................... 12

**Texas Estates Code** §1051.104(b)............................................................ 16

**Texas Estates Code** §1051.106 ............................................................ 15

**Texas Estates Code** §1002.026 ............................................................ 20

**Texas Estates Code** §1002.030 ............................................................ 20

**Texas Estates Code** 1101.151 ............................................................ 20

**Texas Estate Code** § 1158.051 ................................................... 39

 **Texas Estate Code** § 1158.252-1158.256 ............................................. 39

**Texas Estates Code** §1202.001 ...................................................... 35

***Texas Estates Code** §1251.151*............................................... 21

*Tex. Prob.Code Ann. § 633(f) (West Supp. 2010)*.................................. 10

TEX. PROB. CODE ANN. § 601(1) (Vernon Supp.1996) ................... 30

***Texas Rules of Civil Procedure** 44* ...................................... 27

**Texas Rules of Civil Procedure** *47*............................................ 36

**Texas Rules of Civil Procedure** *48*............................................ 37

**Texas Rules of Civil Procedure** *71*............................................ 37

***Texas Rules of Civil Procedure** 301*......................................... 21

***Texas Rules of Evidence** 801* ............................................... 26

*Texas Senate Bill 1224 (2014)*.................................................. 28

***United States Constitution**, Fourteenth Amendment* ........................... 28,40

# CERTIFICATE OF INTERESTED PERSONS

Kevin Campbell

4023 Medici Court

Missouri City, Texas 77549


Ava Phillips

544 Fulton

Texas City, Texas 77591


Lance Phillips

2813 Moore Avenue

Bay City, Texas 77414


Lonnie Phillips, Jr.

Gulf Health Care Center

1720 North Logan

Texas City, Texas 77590


Veronica L. Davis

226 N. Mattson

West Columbia, Texas 77486

vld57atal@yahoo.com


Catherine Wylie

2211 Norfolk, Suite 440

Houston, Texas 77098

**cwylie@wylielawfirm.com**

Matthew Maggiore
unknown
Colorado

## STATEMENT OF THE CASE

The instant appeal stems from a guardianship proceeding. Appellant sought a guardianship proceeding over the person and estate of his father, Lonnie Phillips, Jr. The court appointed an attorney ad litem, without benefit of a hearing and subsequently appointed a temporary guardian. Appellant's guardianship application was not heard nor considered, nor was his opposition to the appointments of the guardians and attorneys ad litems in this cause.

Upon seeking to close the guardianship, the court denied his right thereto without benefit of a hearing. It is from the series of rulings in this case that the appellant appeals.

## STATEMENT OF JURISDICTION

This court has jurisdiction pursuant to the **Texas Government Code** §22.220 and 22.2021.

## STATEMENT REGARDING ORAL ARGUMENT

The issues are not novel issues and have been adequately briefed. Therefore appellant waives oral argument.

## STATEMENT OF FACTS

On or about September 25, 2013, counsel for Appellant filed its Amended

Application for Guardianship to appoint Lance Phillips and Ava Phillips as guardians of the person and estate of Lonnie Phillips, Jr., their father due to his having been diagnosed with dementia and due to inability to handles his affairs (Clk.1-6)[1]. The children of the ward felt that same was necessary due to disagreement regarding repairs which should be made to the home of the ward where he resided with Ava Phillips, after a fire to the home on or about May 13, 2013, which resulted in major damage to the home. Lance Phillips had power of attorney and was a building contractor. Ava Phillips indicated that her mother desired someone else to perform the work. Because Ava had tendered approximately $33,000.00 to Paul Davis Restoration Company for repairs and said company had taken said downpayment without making any repairs, Lance Phillips felt that she was incapable of making appropriate choices regarding building contractors. The siblings agreed that a guardianship with be the best method to ensure that the remaining insurance proceeds were used properly for the repair and rebuilding of the home.

On October 30, 2013, the court appointed Matthew Brandon Maggiore as attorney ad litem to interview the ward, review the guardianship application, etc.

---

[1] Clk or ck shall for denote the county clerk or probate clerk's record or transcript in this cause. CR shall denote the court reporter's record or transcript.

(Clk. (8-9). Due to various errors in addresses and the court's instruction that Ava and Lance Phillips could not be co-guardians, amendments followed appointing one as of the children over the person and one over the estate. Subsequently, by the agreement of the children of Lonnie Phillips, Jr., a Fourth Amended Application was filed for the son, Kevin Campbell to be appointed as guardian of the person and estate of Lonnie Phillips, Jr. on November 27, 2013. (Clk, pg. 10-15). Campbell was proceeding with this action pro se, with Davis being "of counsel."

Maggiore, the attorney ad litem indicated that Mr. Campbell could not proceed with a pro se application and must be represented by counsel. A discussion ensued about whether a conflict of interest situation would arise with Davis having initially represented the other siblings in the application for guardianship. Maggiore indicated that the ward was the issue, rather than the applicants, and that he would approach the judge regarding that matter when counsel were attempting to secure a date for the hearing on the application.

Maggiore, however, approached the court, contrary to the discussion and agreement, and sought the appointment of a temporary guardian ad litem. His status was changed from attorney ad litem to guardian ad litem (Clk 16-17) by an order of the court dated December 06, 2013. Said order specifically found that "an

attorney ad litem is no longer needed." Maggiore then filed a "Counter Application for Appointment of Permanent Guardian of the Person and Estate (Clk 18-24) on January 30, 2014 and requested that the court to appoint "Friends for Life" as guardian for the ward.[2]

On the same day, the court appointed a temporary guardian pending contest. (Clk rec. 25-28). Said appointment was good for sixty days pursuant to said order. The court, on February 12, 2014, appointed another attorney ad litem. (Clk pg. 29-30).

On March 11, 2014, the applicant/ appellant asked his attorney to withdraw the application for guardianship. (Clk. 38). Appellant's counsel filed a Motion to Withdraw the Application for Guardianship and to close the Estate (Clk 31-38) on March 28, 2014, citing the following reasons: 1) all money on hand for repairs has been spent ; 2) the siblings were no longer in disagreement regarding who should make the repairs; 3) the appointment by the court of three ad litems and/or guardians would require that monies be diverted from the repair of the homestead in order to pay said persons; 4) the appointments of these persons were not necessary;

---

[2] According to the website of Friends for Life, said entity provides guardianship services in Texas counties and states " We serve as guardian when the judge determines a person lacks decisional capacity and there is no family member qualified and willing to serve."

5) the guardian ad litem had filed papers contrary to his discussions with Ava Phillips.

Maggiore then amended his Counter-Application seeking to make Wylie the guardian on or about March 31, 2014. (Clk 43-49).

A Motion to Show Cause was filed by Wylie on April 02, 2014 mandating the production of records and expenditures to restore the home of the ward after insurance proceeds were applied for the restoration of the ward's home. Appellant also filed an Opposition to Appointment of Catherine Wylie as temporary guardian and guardian. A hearing was held on the pending motions on the show cause matter on April 10, 2014.

A guardianship hearing was held on August 26, 2014. Appellant believes that a hearing was held without all parties, as she had noticed the court of her inability to attend said hearing. A new date was given of October 3, 2014, and a hearing held. Counsel later learned that the court proceeded with a brief hearing on August 26, 2014, even though counsel was advised that a hearing would be held on October 3, 2014.

At that time Appellant reurged his Motions for Opposition to the Appointment of Wylie, to Withdraw its Application for Guardianship or to be

Appointed Guardian in the Alternative, and Application to Close the Estate. Appellant filed a Supplement to its Motions.

The Court issued an order on October 3, 2014 (Clk Rec. 73-74) which appointed Catherine Wylie as Guardian of the Person and Estate of Lonnie Phillips, Jr. Said order further discharged the attorney ad litem and the guardian ad litem.

Appellant filed a Motion for Rehearing of said order on November 05, 2014 with same being set for hearing on November 24, 2014. (Clk 76-97). The court denied said request without a hearing on November 19, 2014 (Clk 98) and without tender of notice. Appellant then filed a Notice of Appeal on December 11, 2014. (Clk 130-131). After appellant filed its Notice of Appeal, the court reappointed Matthew Maggiore as guardian ad litem by order dated December 29, 2014. (Clk ___). Appellant then sought a Motion to Recuse the Honorable Kimberly Sullivan in this cause. (                    ). A hearing was held on this matter by the Honorable Gladys Burwell on or about April 15, 2015.

Since the filing of said appeal, the guardian has since sought an order to sell the Estate of Lonnie Phillips, Jr. in order to recoup her costs in this case and has moved the court for instructions to put in place a "Do Not Resuscitate order."

## ISSUES FOR DETERMINATION

1. Whether the court lacked jurisdiction to initiate guardianship proceedings at the request of Maggiore

2. Whether the court lacked jurisdiction to change the temporary guardianship to a permanent guardianship without proper notice.

3. Whether the court could engage in ex parte proceedings with the ad litem during the pendency of the proceedings, in making orders premised on his application alone.

4. Whether Catherine Wylie had the right during the pendency of the proceedings to make any demands of the Appellant or its counsel for documents, as her temporary orders had expired.

4. Whether the court had authority to deny the appellant a hearing regarding its Opposition to the Appointment of the Temporary Guardian.

5. Whether the court denied Appellant due process in failing to hear its Application for Guardianship, its Opposition to the Appointment of Wylie as Guardian and Appellant's Application to Withdraw the Application for Guardianship

6. Whether the court abused its discretion in reappointment the guardian ad litem.

7.      Whether the court erred in granting the fee petition of Maggiore

8.      Whether the court erred in denying Appellant the right to proceed with its guardian-ship application on the basis that appellant had no live pleadings on file.

9.      Whether, during the pendency of this appeal, the trial court erred in granting the Guardian an Order to Sale the Ward's Estate for Money due the guardian.

## SUMMARY OR ARGUMENT

Appellant contends that when the attorney ad litem filed its Counter-Application for the appointment of a Guardian, said action was violative of the Texas Estates Code, in that notice was not provided to the ward, nor his children or his siblings. Therefore, the order was void and the court lacked jurisdiction. Because the court never obtained jurisdiction in the first place, all orders flowing therefrom are also void. Appellant further contends that he was never afforded the opportunity to put on any evidence or allowed to refute any of the proceedings, nor give testimony thereby offending due process. Consequently, the guardianship should in all things be set aside and declared void.

## ISSUE ONE

**Whether the court lacked jurisdiction to initiate guardianship proceedings at the request of Maggiore.**

On January 30, 2014, Maggiore approached the court with a pleading and obtained an ex parte order to have a guardian appointed for the alleged ward, Lonnie Phillips, Jr. " entitled "Counter Application for Appointment of Permanent Guardian of the Person and Estate (Clk 18-24), requesting that the court appoint "Friends for Life" as guardian for the ward. On the same day, the court appointed a temporary guardian pending contest. (Clk rec. 25-28).

The **Texas Estate Code** § 1051.101 requires that:

(a)    on the filing of an application for guardianship, notice shall be issued and served as provided by this subchapter.

The **Texas Estate Code** § 1051.103 requires that:

The sheriff or other officer shall ***personally*** serve citation to appear and answer an application for guardianship on :

1)    a proposed ward who is 12 years of age or older. [Emphasis added]

The ward was not notice nor served. The applicant/appellant was not served. The ad litem appeared ex parte and obtained said temporary guardianship, though a pending application was on file by the appellant.

Pursuant to **Ortiz v. Gutierrez**, 792 S.W.2d 118 (Tex.App.-San Antonio 1989, writ dism'd) and **Threatt v. Johnson**, 156 S.W. 1137 (Tex.Civ.App.-Texarkana 1913, no writ), a court exercising probate jurisdiction does not have the power to act without strict compliance with the probate statute. *Ortiz* at 119; *Threatt*, at 1139. *Threatt* held that:

> compliance with the statute is a condition precedent to the valid exercise of that power [to appoint a guardian] and is jurisdictional." *Ortiz,* at 119 (citing *Threatt,* at 1139). In *Erickson*, the court held, pursuant to section 633(f), that the trial court could not appoint a permanent guardian until the expiration of ten days after service of citation and notice.

In **In the Guardianship of Erickson**, 208 S.W.3d 737, 740-43; *see also* Tex. Prob.Code Ann. § 633(f) (West Supp. 2010), the court noted that "[a]lmost 100 years ago, this Court stated of the guardianship jurisdictional requirements: ' compliance with the statute is a condition precedent to the valid exercise of the power, and is jurisdictional.' " *Id.* at 741 (quoting *Threatt,* at 1139). Therefore, pursuant to the *Ortiz, Threatt,* and *Erickson* courts, compliance with the statute is jurisdictional. Therefore, when Maggiore filed his application with the court and obtained an order, the court lacked jurisdiction to appoint a temporary guardian, because he had not served the ward at that time.

**Erickson** further states at 742-743:

The few cases on point indicate that an interested person may not waive guardianship proceeding jurisdictional requirements on behalf of an alleged incapacitated person. See *In re Mask*, 198 S.W.3d 231, 234 n. 3 (Tex.App.-San Antonio 2006, no pet. h.) ("attempted waiver of service by an incapacitated person would be ineffective" in guardianship proceedings); *Saldarriaga*, 121 S.W.3d at 499-500; B.A.G., 794 S.W.2d 510; *Ortiz v. Gutierrez*, 792 S.W.2d 118, 120 (Tex.App.-San Antonio 1989, writ dism'd as moot) (waiver of notice "not applicable to proceedings in which the mental or physical infirmity (incompetency) of an individual is alleged"); *Wilkinson*, 72 S.W.2d at 336-37

In **<u>Gauci v. Gauci</u>**, 01-14-00788, Ct.App- Houston [14th] 2015, the court

held that:

Before a court may enter judgment against a party, the court must have obtained jurisdiction over that party pursuant to applicable rules or statutes.*" Whatley v. Walker*, 302 S.W.3d 314, 321 (Tex. App.-Houston [14th Dist.] 2009, pet. denied). A judgment rendered by a trial court that lacks jurisdiction over **the parties or subject matter is void**. PNS Stores, Inc. v. Rivera, 379 S.W.3d 267, 272 (Tex. 2012); Erickson, 208 S.W.3d at 740; *In re Guardianship of B.A.G.*, 794 S.W.2d 510, 511–12 (Tex. App.-Corpus Christi 1990, no writ). **A judgment that is void is "entirely null within itself, not binding on either party, [and] . . . not susceptible of ratification or confirmation**." See *Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex. 1972) (quoting *Murchison v. White*, 54 Tex. 78 (1880)). "[A] judgment is void if the defects in service are so substantial that the defendant was not afforded due process." *PNS Stores*, 379 S.W.3d at 275. .... Due process requires notice "at a meaningful time and in a meaningful manner" that would enable a party to be bound by a court's judgment to have an opportunity to be heard. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 899 (1988); accord *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). "[A] judgment entered without notice or service is constitutionally infirm." Peralta, 485 U.S. at 84, 108 S.Ct. at 899; see In re Guardianship of Jordan, 348 S.W.3d 401, 405 (Tex. App.-Beaumont 2011, no pet.) ("The constitutional right to due process of

-11-

law restricts the ability of a court to render a judgment binding a party without proper notice."). In satisfaction of these well-understood due process concerns, Chapter 1051, Subchapter C of the Estates Code imposes notice and citation requirements generally applicable to guardianship proceedings. "On the filing of an application for guardianship, notice shall be issued and served as provided by this subchapter." Tex. Est. Code § 1051.101(a). The Estates Code specifically provides that the "sheriff or other officer shall personally serve citation to appear and answer an application for guardianship on . . . a proposed ward who is 12 years of age or older." Id. § 1051.103(a). Failure to personally serve an application for guardianship on a proposed ward deprives the court of jurisdiction. See Erickson, 208 S.W.3d at 740; accord Whatley, 302 S.W.3d at 321. Furthermore, the person filing an application for guardianship is also required to "mail a copy of the application and a notice containing the information required in the citation issued under Section 1051.102 by registered or certified mail, return receipt requested, or by any other form of mail that provides proof of delivery, to . . . each of the proposed ward's parents . . . ." Tex. Est. Code § 1051.104(a)(9).

It is undisputed that M.G. was not personally served with citation of Kathryn's application for guardianship before the trial court entered its order appointing her as guardian. Accordingly, we conclude that the court lacked personal jurisdiction over M.G. at that time it appointed appointed Kathryn as guardian. [Emphasis added]

As heretofore stated, Maggiore filed his application on January 30, 2014 and obtained an order appointing Catherine Wylie on the same date. The ward was severed on February 03, 2014. Therefore, the court lacked personal jurisdiction over the ward at the time it appointed Catherine Wylie as guardian. Therefore, the guardianship, in its entirety is void.

Because the initiation of the guardianship procedure is void, every ruling

which flows therefrom is likewise void. The court erred committed reversible error

in that it had no jurisdiction to grant the guardianship application of Maggiore.

**ISSUE TWO**

**Whether the court lacked jurisdiction to change the temporary**

**guardianship to a permanent guardianship without proper notice.**

As set forth in the previous issue, strict compliance with the notice

requirements are necessary for the court to obtain jurisdiction. Because the court

never obtained jurisdiction, at the outset, it lacked jurisdiction to change the

temporary guardianship to a permanent one.

Pursuant to **Texas Estate Code** §1051.104:

the person filing an application shall mail a copy of the application and notice containing the information required in the citation issued under 1051.012 by registered or certified mail., return receipt requested, or by any other form of mail that provides proof of delivery, to the following persons, if there whereabouts are known......

1)	each adult child of the proposed ward;

2)	each adult sibling of the proposed ward;

5)	a person whom the applicant knows to hold a power of attorney signed

-13-

by the proposed ward;

Maggiore contended that since the Appellant, upon amendment of its application for guardianship, failed to send notice to the brothers of the ward, the appellant's application for guardianship could not be considered by the court. Likewise that standard should so apply to the guardian ad litem as it relates to his contest.

Maggiore filed a First Amended Counterapplication for Appointment of a Permanent Guardian (Clk.Supp Rec. 34-57-01/12/15) failed to send notice to the ward's brother, Lorenzo Butler, by his own attestation. (Clk.Supp Rec. 35-36 01-12-15 ). Moreover, he failed to send notice to a person known to hold a power of attorney signed by the proposed ward, Lance Phillips. Maggiore's affidavit indicates that he served notice to Lance Phillips' former counsel, however, doing so was not notice to Lance Phillips, who was no longer represented by Davis. Maggiore was at all times aware that Davis no longer represented Lance Phillips. (CR Rec.

Moreover, the court had instructed the guardian to provide direct notice to Lance Phillips regarding his power of attorney. Therefore, it was clear that notice to Davis did not suffice as sufficient notice for Lance Phillips.

Additionally, the document prepared by Maggiore fails to give the children of the ward or the brothers of the ward notice of when to appear for any proceeding. Specifically, the notice allegedly provided to Lance Phillips at (Clk Supp Rec.2 page 41/ page 476-01/12/15) is undated , yet provides that he must file his opposition by May 26, 2014. It appears however, that said notice was received in August, 2014---well after the time frame listed therein to oppose the application.

Likewise, the letter to Felix Phillips, brother of the ward is dated August 20, 2014 and indicates that he must file his opposition by May 26, 2014, a date that had passed by the time he received his letter.(Clk Supp Rec.2 page 41/ page 484-01/12/15). Consequently, in these instances, the notice was ineffective for the persons outlined to file and opposition or to appear due to the errors contained therein.

Additionally, the documents indicate that the notice was sent on or about August 20, 2014 and to opposing counsel on August 21, 2014, with hearing scheduled for August 26, 2014. Same is violative of **Texas Estates Code** §1051.106 which requires ten days to the children and siblings of the ward before the creation of a guardianship. The statute more specifically requires that:

> The court may not act on application for the creation of a guardianship until the applicant has complied with Section 1051.104(b) and not earlier than the

Monday following the expiration of the 10-day period beginning on the date of service of notice and citation has been made as provided Sections 1051.102, 1051.103 an 1051.104(a).

The Court held the appellant to a different notice standard than it did the appellee. The Court committed reversible error, since said error resulted in the failure to consider the application of Kevin Campbell as guardian of the Estate of Lonnie Phillips, Jr. and considered only the retaining of Wylie as guardian pursuant to a void order. Moreover, the court refused to discuss the issue of guardianship on that date, but rather had a show cause hearing. Therefore, notice of reset and the issuance of a new citation was imperative as it related to the permanent guardianship status of Wylie.

Additionally, the citation indicates that any person wishing to contest same may do so by April 14, 2014, within the ten day period prescribed by statute. However, the hearing was held on April 10, 2014.

Moreover, at the time of the hearing regarding the appointment of the guardian, Maggiore had not filed notice of compliance regarding service as rquired by **Texas Estates Code** §1051.104(b)

As set forth supra in Issue One, appropriate notice is a jurisdictional prerequisite to a guardianship proceeding. Therefore, the court erred as instituting

and/or continuing the appointment of the guardian without proper notice to his family members. The court erred further in holding the appellant to complying with the notice requirements, while not requiring strict compliance by the guardian ad litem or the guardian.

## ISSUE THREE

**Whether it is a violation of the due process rights of the appellant for the guardian ad litem to engage in ex parte communications with the court which resulted in relief against the appellant.**

Appellant complains that Maggiore approached the court ex parte to obtain an order for the appointment of a guardian ad litem, ignoring the fact that Appellant had a guardianship application on file.

Maggiore, in spite of said application, filed a counterapplication and met with the court ex parte regarding an application for a guardian, without notice to appellant or his counsel.

The Court in the **Matter of JBK**, 931 S.W.2d 581 (Tex.App.-El Paso 1996) stated:

Ex parte communications are "those that involve fewer than all of the parties

who are legally entitled to be present during the discussion of any matter. They are barred in order to ensure that every person who is legally interested in a proceeding [is given the] full right to be heard according to law." JEFFREY M. SHAMAN ET AL., JUDICIAL CONDUCT AND ETHICS § 6.01, at 145 (1990); see also In re Thoma, Id at 583

Maggiore violated the **Texas Disciplinary Rules of Professional Conduct** 3.05 when approaching the court for the appointment of a temporary or permanent guardian without notice to the opposing side (appellant and applicant).

Pursuant to **Rule 3.05 Maintaining Impartiality of Tribunal**

A lawyer shall not:

(a) seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure;

(b) except as otherwise permitted by law and not prohibited by applicable rules of practice or procedure, communicate or cause another to communicate ex parte with a tribunal for the purpose of influencing that entity or person concerning a pending matter other than:

(1) in the course of official proceedings in the cause;

(2) in writing if he promptly delivers a copy of the writing to opposing counsel or the adverse party if he is not represented by a lawyer;

(3) orally upon adequate notice to opposing counsel or to the adverse party if he is not represented by a lawyer

Maggiore summarily violated the **Texas Rules of Professional  Conduct** by obtaining this order from the court ex parte.  Moreover, he violated the **Texas Estates Code** §1051.101 provides that on filing of the application for guardianship,

notice shall be issued and served.

Nothing in his pleading (counterapplication- Clk Rec. 18-28) showed the necessity for an ex parte communication nor the need for such an appointment, without benefit of a hearing.  His pleading nor application made a showing that the ward was in  imminent danger nor that the proposed ward's physical health or safety would be seriously impaired, or that the proposed ward's estate would be seriously damaged or dissipated unless immediate action was taken as required by **Texas Estate Code** §251.010.   Appellant contends that this ex parte communication influenced and  prejudiced the trial court against the appellant.

In **Ex Parte R.D.N.**, 918 So. 2d 100 (Ala 2005), the Supreme Court of Alabama looked at the propriety of ex parte communications between an ad litem and the court.  The court recognized the need for and appointment of ad litems. However, the court also recognized the following:

> The fundamental principle is that the decision of a court must be based on evidence produced in open court lest the guarantee of due process be infringed."   See *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ("The essential requirements of due process · are notice and an opportunity to respond.   The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.").

That Court held:

.........in these circumstances, the trial court's ex parte communications with the guardian ad litem and its reliance upon her recommendation, given to the court as part of an ex parte communication, violated the fundamental right of the father to procedural due process under the Alabama and United States Constitutions.

The court, by having said ex parte hearing offended the notion of due process. The court erred in granting the ex parte guardianship and the issuance of orders in connection therewith tendered by Maggiore, guardian ad litem.

## ISSUE FOUR

**Whether Catherine Wylie had the right during the pendency of the proceedings to make any demands of the Appellant or its counsel for documents prior to appointment of a guardian and after as her temporary orders had expired.**

Appellant's counsel was hired by the family of Lonnie Phillips, Jr to recover funds which from Paul Davis Restoration after it breached the contract for repair of the home lived in by the ward and his daughter, Ava Phillips. Moreover, she was given oversight responsibility in assisting in finding contractors and paying for the home repairs, so that the same thing would not occur that had happened with Paul Davis.

The ad litems, the court, and the guardian spent an inordinate amount of time delving into matters which predate the setting up of a guardianship. Lance Phillips

had durable power of attorney at that time and was fully authorized by his father to do so.   Actions which occur prior to the beginning of a guardianship fall outside of the jurisdiction of the court, because the proposed ward is not yet a ward.  See **Texas Estates Code** §§1002.026 (proposed ward defined), 1002.030 (ward defined), and 1101.151.

**Texas Estates Code** 1101.151 provides that:

If it is found that the proposed ward it totally without capacity to care for himself..manage his or her property, ...... the court may appoint a guardian of the proposed ward's person and estate

Prior to said appointment, the court lacks jurisdiction over said matters. Additionally, in the instant case, Catherine Wylie lacked authority after January 30, 2014.

Appellee, Catherine Wylie was appointed as temporary guardian on or about January 30, 2014.  The order indicates that the temporary guardianship was for the period of sixty (60) days. (Clk 25-28; 27)

Pursuant to **Texas Estates Code** §1251.151:

Except as provided by Section 1251.052, a temporary guardianship may not remain in effect for more than 60 days.

On January 30, 2014, Maggiore filed a Counterapplication for Guardianship.

(Clk 18-24), seeking the appointment of Friends for Life be appointed Guardian in the instant case. The order signed by the Court on the same date of January 30, 2014 appoints Catherine Wylie pending Contest. However, no application for relief pending contest was before the court, but rather a counterpetition. The order provides relief not requested and is therefore violative of the law.

> A trial court's judgment must conform to the pleadings. *See* TEX.R. CIV. P. 301. " A court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void." *Ex parte Fleming,* 532 S.W.2d 122, 123 (Tex.Civ.App.-Dallas 1975, no writ). Absent trial by consent, judgment on an unpleaded action is void. *See Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979).

No motion was indicating a contest was before the court at that juncture. Therefore, the court lacked jurisdiction to issue an order pending contest. Said order was in all things void. Pursuant to **Texas Rules of Civil Procedure** 301, the court may not afford relief not pled.

As previously set out, the order appointing Catherine Wylie was void abinitio, therefore, Wylie had no right nor authority to seek a show cause order.

### ISSUE FIVE

**Whether the court denied Appellant due process in failing to hear its Application for Guardianship, its Opposition to the Appointment of**

-22-

**Wylie as Guardian and Appellant's Application to Withdraw the Application for Guardianship.**

It is undisputed that the ward, Lonnie Phillips, Jr. was incompetent to handle his affairs as a result of Alzheimer's. What the party's dispute is whether his mental health condition automatically demands that a guardianship be put in place.

At the time of the initial application for guardianship, the applicant/ appellant felt that same was necessary to prevent the waste of insurance proceeds to repair the home of the ward after a fire. Upon the spending of all funds available for repair to the home, the necessity for those protections ceased.

It is undisputed that the initial investigation found the ward to be well taken care of. However, after Maggiore's questioned some expenditures of the daughter and opposing counsel, he appeared to go on an all-out witch hunt to find problems or create impediments to the caretakers, Ava Phillips and Kevin Campbell remaining in that role. For example, he questioned small made prior to the institution of the guardianship proceedings made by the ward's daughter.

Additionally, though bank records showed that $60,000.00 was received from Hartford Insurance for expenditures to repair the house, and $33,000.00 was

paid to Paul Davis Restoration , leaving only $26,000.00, he continually questioned those expenditures, in the face of receipts. He intimated that fraud and graft were at hand and even suggested that though items were purchased, he could not be sure they were purchased for the property of Lonnie Phillips, Jr. nor could he be sure that they were not purchased and then refunded (See CR Vol ___, pg ___, lines _____). These derogatory hypotheses were contrary to the evidence presented in the Motion for Rehearing (See Clk Rec.      ), as neither he nor the guardian put on any documentary evidence to show the court the state of the property. He appeared offended that his was not given a level of deference that he expected and grew offended and querulous as a result, thereby needlessly exacerbating attorney's fees, costs, frustration, and the separation and disruption of a family. This attitude was conveyed to the court and resulted in the court's denial of due process and failure to allow the appellant to put on any testimony.

### *Ex parte hearing*

This matter has been dealt with in Issue 3 supra. It is reiterated here for the due process implications of having a hearing on a matter for which appellant had an existing application. The ex parte hearing between the court and Maggiore allowed him to interject bias into the case prior to the applicant having given any testimony.

As heretofore stated in **Peralta** at 84, a judgment entered without notice and service is violative of the constitutional right to due process.

## *Show Cause Hearing*

As heretofore stated, Wylie was appointed as temporary guardian by order dated January 30, 2014. Her appointment expired after sixty days, as discussed in Issue 2 supra. Should this Honorable Court find that same did not expire, it must reach the conclusion that the temporary guardianship was void as a matter of law.

During the hearing, the temporary guardian questioned Ava Phillips extensively regarding expenditures, housing, etc. Applicant/appellant was denied the ability to put on any evidence or refute any statements . Moreover he was denied the right to have his application heard by the court on the premise that the matter was not on file and/or that counsel had not received notice. The court failed to review and consider that efiling, coupled with eservice is effective upon filing the motion with the court. Therefore, all parties, contrary to their assertions received eservice notice of the pleadings. The Court, without argument presumed that notice of Appellant's motions were not received.

The Court disallowed testimony from Appellant citing the time and lengthiness of the guardian's lengthy examination during the show cause hearing.

Further, the court chose to deal with the accounting issues only. (Pg 93- pg 94, line 8). Only a brief period was afforded appellant to interject that he did not receive nor know of the sums of money which were obtained by his father.

Appellant was not allowed to proceed with his application for guardianship. Same was of paramount importance as the ward and his daughter were due to be displaced, given that the insurance company had given them little or no more time to remain in the rented apartment. (Pg. 95, lines 7-16).

### *Guardianship Proceeding*

The parties appeared for competing guardianship applications. The appellant, the ward's son was denied putting on any evidence regarding him being appointed on the basis that 1) the file contained no evidence of service on the ward's brothers and 2) that he had withdrawn his guardianship application. For further discussion on that issue, see Issue VI supra. In spite of the fallacy in that argument raised by the court, the appellant was not allowed to contest or refute any information submitted by the guardian appointed by the court.

First the guardian posited that the guardianship was necessary due to the ward wandering around and being found by Emergency Medical Services. (RR pg. Moreover, she indicated that she had read information in a report regarding the

condition of the ward.                     ) Then she alleged that his condition had deteriorated intimating that it was the fault of his daughter, even though he had been in a nursing home for three weeks by the time the guardian visited him there.

Appellant's counsel objected to all the information being hearsay. No medical documents were tendered to support anything that she said. No records from the nursing home were tendered to substantiate any statements made regarding his health, condition or decline. Moreover, she discussed irrelevant information from nursing home workers who were allegedly in his Sunday school class who found his present circumstances disturbing.

The **Texas Rules of Evidence** 801 clearly prohibit such hearsay testimony. The trial court erred in allowing same.

Appellant had the witness present who called EMS and knew the basis for the call and where the ward was housed when the call was made and where he was transported to. Additionally, the ward's children went to the hospital immediately after his transport and were able to refute the allegations of the guardian.

The court refused to allow all witnesses of the appellant to testify. Appellant contends that same constitutes a denial of due process. Of the founding principals of our judicial system, the Supreme Court stated in 1863 that "Parties whose rights

are to be affected are entitled to be heard." **Baldwin v. Hale**, 68 U.S. (1 Wall.) 223, 233 (1863). Thus, the notice of hearing and the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." **Fuentes v. Shevin**, 407 U.S. 67, 80-81 (1972).

The Court, in its haste, concluded that there was a need for guardianship because the ward was incapacitated. Therefore, without discussion of other alternatives and without hearing from the appellant/applicant, she summarily decided that guardianship was the only option, because another suit was pending and monies had to be handled.

If that were the case, no elderly person could remain in their homes and allow their children to be caretakers. It also offends the notions set out in proposed Texas Senate Bill 1224 which looks at alternatives to guardianship. Same provides in pertinent part: :

> SECTION 2. Chapter 1002, Estates Code, is amended by adding Sections 1002.0015 and 1002.031 to read as follows: Sec. 1002.0015. ALTERNATIVES TO GUARDIANSHIP. "Alternatives to guardianship" includes the: (1) execution of a medical power of attorney under Chapter 166, Health and Safety Code; (2) appointment of an attorney in fact or agent under a durable power of attorney as provided by Subtitle P, Title 2; (3) execution of a declaration for mental health treatment under Chapter 137, Civil Practices and Remedies Code; (4) appointment of a representative payee to manage public benefits; (5) establishment of a joint bank account; (6) creation of a management trust under Chapter 1301; (7) creation of a special needs trust; (8) designation of a guardian before the need arises under Subchapter E, Chapter 1104; and (9) establishment of alternate forms of decision-making based on person-centered planning.

However, the **Texas Rules of Civil Procedure** 44 currently provides another legal remedy or alternative for persons who are non compos mentis. Rule 44 gives a next friend the same rights as a guardian, which necessarily include the ability to make any decision with respect to a lawsuit on behalf of the ward, including a settlement decision. *See* Tex.R. Civ. P. 44. Therefore, the court erred in its conclusion that a guardianship must necessarily be instituted since the Lonnie Phillips, Jr.

The **United States Constitution**, Fourteenth Amendment guarantees due process as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In **Goldberg v. Kelly**, 397 U.S. 254, 269 (1970), the Court stated:.

> In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. *E.g., ICC v. Louisville & N. R. Co.,* 227 U. S. 88, 227 U. S. 93-94 (1913); *Willner v. Committee on Character & Fitness,* 373 U. S. 96, 373 U. S. 103-104 (1963). What we said in *Greene v. McElroy,* 360 U. S. 474, 360 U. S. 496-497 (1959), is particularly pertinent here:

"Certain principles have remained relatively immutable in our jurisprudence. One of these is that, where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots.

The court's failure to allow appellant to cross examine witnesses, put on evidence and otherwise object to the proceedings heretofore listed constitutes a denial of due process and reversible error.

## ISSUE SIX.

**Whether the court abused its discretion in reappointment the guardian ad litem**.

In **Coleson v. Bethan**, 931 S.W.2d 706 (Tex.App. —Fort Worth 1996), the roles of guardians and attorney ad litems are spelled out.

The Probate Code allows for two different types of "ad litems" to be appointed. In Chapter XIII of the Probate Code, "attorney ad litem" is defined as "an attorney who is appointed by a court to represent and advocate on behalf of a proposed ward, an incapacitated person, or an unborn person in a guardianship proceeding." TEX. PROB. CODE ANN. § 601(1) (Vernon Supp.1996) (emphasis added). Once a guardian has been appointed, there is no longer a "proposed ward," but a "ward," implying that the relationship

-30-

should end once the "proposed ward" has become a "ward." Id. § 601(27), (31); see also id. § 646(a) (attorney ad litem is to represent the interests of the proposed ward); id. § 647(a) (attorney ad litem is to represent a proposed ward and discuss with the proposed ward the law and facts of the case, the proposed ward's legal options and the grounds on which guardianship is sought). The Probate Code also allows for appointment of guardian ad litems. The code defines a "guardian ad litem" as one who is to "represent the best interests of an incapacitated person in a guardianship proceeding." TEX. PROB. CODE ANN. § 601(11) (Vernon Supp.1996). Under section 645(a) a guardian ad litem is "to represent the interests of an incapacitated person in a guardianship proceeding," and under section 645(c), the guardian ad litem is "an officer of the court." Id. § 645(a), (b).

Upon the expiration of the guardianship proceeding and with the appointment of a guardian, the court appropriately discharged the guardian ad litem and the attorney ad litem. However, upon the filing of the Notice of Appeal, this court reinstated the guardian ad litem. Said appointment is in all things improper.

Said guardian has exceeded the scope of the duties outlined in the appointment. The appointment specifically states that:

1)      [ Maggiore] is hereby appointed pursuant to Section 645(a) of the
         Texas Probate Code,  Guardian Ad Litem for Lonnie Phillips, Jr. to
         investigate the necessity of a guardianship, and if determine that one is
         needed to prepare the guardians application........

2)      to assess and review financial, medical, psychological intellectual
         resting records

3)      to discuss medical or psychological condition

-31-

The guardianship appointment is technically the same as the one signed on initiated on December 06, 2013.

Maggiore lacks authority to act under said appointment for the following reasons:

1) the determination was already made that the need for a guardianship existed;

2) Maggiore had already obtained the financial , medical , psycholgoical records of the ward;

3) Said document gives him no authority to engage in further litigation.

Therefore, any action taken subsequent to his discharge on or about October 03, 2014, is beyond the scope of his appointment and thereby impermissible. Further, it is impermissible as it exceeds the scope/time frame of the guardianship proceeding which occurred in August, 2014. There is no continuing duty to act given either by order or by statute. The Court therefore erred in accepting for review any pleadings, motions, petitions, participation in hearing, etc. since the date of his initial discharge. Therefore, the court erred in considering any motions, pleadings, fee petitions, participation, etc. since his discharge on or about October 03, 2014.

## ISSUE SEVEN

**Whether the court erred in granting the fee petition of Maggiore**.

As heretofore stated, the guardianship proceeding initiated by Maggiore was void abinitio because he failed to perfect service and notice prior to the initiation of the counterapplication for guardianship and the obtaining of an order for same on January 30, 2014.

On November 19, 2014, Maggiore submitted a bill for $5359.59 (See Clk Supp Rec. Pg. . The fee schedule tendered by Maggiore does not comply with the law in that it fails to provide the dates for which these services were performed. In **El Apple I, Ltd. v. Olivas**, 55 Tex. Sup. Ct. J. 954 (Tex. June 22, 2012), the Texas Supreme Court explained what constitutes legally sufficient evidence to calculate a reasonable attorney's fee award using the lodestar method, first calculating the reasonable number of hours expended and the multiplying that numberby the hourly rate.

The lodestar method, has been criticized, however, for providing a financial incentive for counsel to expend excessive time in unjustified work and for creating a disincentive to early settlement. ***Gen. Motors Corp. v. Bloyed***, 916 S.W.2d 949, 960 (Tex.1996) (citing Court Awarded Attorney Fees, 108 F.R.D. 237, 246-49 (3d Cir. Task Force 1985)). All matters which are excessive, redundant, or are

otherwise unnecessary should be struck from the fee petition and not paid.

Contestant contends that same has occurred in this case.

But for a disagreement among counsel, this matter would have been resolved and the ward's son appointed as guardian, which was the basis for the application. All funds from the estate have been expended on the home repairs for the burnt home of the Ward.

Maggiore has challenged the ward's son as being a proper person to obtain guardianship challenging his adoption or authority as a child of the ward. . Maggiore has beset this case with one impediment after another, thereby increasing litigation costs.

Appellant contends that Maggiore is not entitled to the fees outlined because:

1)    he has failed to provide dates for his alleged services;

2)    has increased the costs of litigation;

3)    has engaged in matters not authorized pursuant to his order of appointment.

4)    the order appointing him was in all things void for the reasons outline supra in Issue 1.

5) Maggiore failed to determine whether methods other than guardianship were appropriate in this cause and tender a report thereon.

The court never set a hearing for the fee application. Additionally, since his initial fee application, Maggiore has submitted another fee petition for the performance of duties which exceed the order of his guardianship appointment. Appellant would show that same is not allowable.

Additionally, Maggiore has relocated to Colorado. Appellant contends that he can not address the interests or concerns of the ward adequately when he is no longer present.

Appellant contends that the court erred in granting the fee petition without a hearing and that same should have been in all things denied for the reasons so stated herein.

## ISSUE EIGHT

**Whether the court erred in denying Appellant the right to proceed with its guardian-ship application on the basis that appellant had no live pleadings on file.**

The court erred in denying Appellant participation in the hearing stating that Appellant had no live pleading. Texas Courts define the term "live pleading" to denote a pleading which supercedes another pleading due to an amendment. **State**

**v. C.J.F.**, 183 S.W.3d 841 (Tex.App.—Houston [1st Dist.] 2005).

The court seeks to invalidate the appellant's right to contest the guardianship proceeding by stating that the Appellant seeks to withdraw its application. The court relies on a pleading Motion/Notice to Withdraw the Application for Guardianship and Close the Estate filed by appellant on 03/28/14. (Clk31-42). Clearly the pleading states that appellant seeks to have the guardianship closed as the need for a guardianship no longer exists. Appellant complains that too many attorneys have become involved in the suit, delays will occur in the repairing of the house and all funds currently the subject of the guardianship estate of $26,000.00 were expended on repairs to the house, thereby making the original reason for seeking a guardianship unnecessary and asks the court to close the estate as provided for pursuant to **Texas Estates Code** §1202.001 which provides in pertinent part:

> b) A guardianship shall be settled and closed when the ward:
>
> (4) no longer must have a guardian appointed to receive funds due the ward from any governmental source.
>
> (d) A request for an order under this section may be made by informal letter to the court. A person who knowingly interferes with the transmission of the request to the court may be adjudged guilty of contempt of court.

As heretofore specified by statute, the request needs no formality nor is the

style of the motion important, as a request may be by letter. The essence of the request is that the estate be closed. Said motion clearly reflects same.

In a pleading, which is entitled Supplement to Application for Guardianship and Request to Close the Estate and Response to Ad Litem Maggiore's First Amended Application for Appointment of Permanent Guardian (Clk pg. 58), Appellant renews its request to be appointed guardian in the event that the court fails to close the estate. In the Opposition to Appointment of Wylie as guardian filed on 04/04/14 (record to be supplemented. Not contained in record). Appellant in the event the court would not close the estate and instead of Wylie being appointed. (RR pg. ____)

A party may be plead in the alternative seeking one form of relief of another as it relates to original petitions, counterclaims or cross-claims.

Pursuant to Rule 47 of the **Texas Rules of Civil Procedure** in pertinent part.

Relief in the alternative or of several different types may be demanded; provided that on special exception the court shall require the pleader to amend so as to specify the maximum amount claimed.

-37-

No special exceptions were filed by the attorney ad litem, guardian ad litem nor the guardian.  Nor was any motion in limine filed.

Rule 48 of the **Texas Rules of Civil Procedure** provides in pertinent part:

A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.  When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.  A party may also state as many claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both.

The Court in **Surgitek Bristol Meyers Suibb vs. Abel**, 997 S.W.2d 598, 601 discussing Rule 71 of the **Texas Rules of Civil Procedure** held that a court looks to the substance of the motion to determine the relief sought, not merely its title.  Appellant attempted to point same out to the court. (CCR Vol _____, pgs. _____ and Vol _____pg _____

Finally, the appellant did not withdraw its pleading.  Pursuant to Rule 75 of the **Texas Rules of Civil Procedure**, in order to withdraw a pleading, the pleading, "the court may by order entered in the minutes allow a filed pleading to be withdrawn" and costs for doing so must be paid by the party so withdrawing.

-38-

Appellant had no intention of withdrawing the pleading nor was an order sought to that effect nor was one entered. Therefore, the court lacked the authority to disregard Appellant's pleadings. The court erred in determination or finding that Appellant had no live pleadings on file.

## ISSUE NINE

**Whether, during the pendency of this appeal, the trial court erred in granting the Guardian an Order to Sale the Ward's Estate for Money due the guardian**

On or about August 26, 2015, the Guardian ad litem moved this court for an order of sale. The Motion in support of the order indicated that the guardian sought the sell of the ward's home in order to compensate herself for clothes she had bought the ward. The guardian can not provide any basis for divesting the plaintiffs of an asset valued over $80,000.00 in order to award herself an amount alleged to be slightly over $1000.00.

Same does not constitute a basis cognizable at law to warrant the sale of a home which is valued at over $80,000.00

The ad litem has failed to substantiate that the amount of clothing purchased is commensurate with the amount to be netted from the selling of the ward's home. Moreover, the ad litem shows no proof that she asked the family or anyone else for

-39-

the clothing of the ward or that she has attempted to obtain same from some other asset of the ward's which may be more readily sold.

The amount involved is an unmeritorious basis for the selling of said home.

The children of Edith Phillips maintain a one half interest in the property at 450 N. Fulton and said children may not be divested of their right or interest therein by the guardian ad l litem selling same.

Pursuant to the **Texas Estate Code** §201.003:

If a person who dies intestate leaves a surviving spouse, the community estate of the deceased spouse passes as provided by this section:

2)      all of the surviving children and descendants of the deceased spouse are also children or descendants of the surviving spouse.

c)      If the deceased spouse is survived by a child or other descendant who is not also a child or descendant of the surviving spouse, one-half of the community estate is retained by the surviving spouse and the other one-half passes to the deceased spouse' s children or descendants.

Therefore, the guardian ad litem lacks the authority to divest the children of Edith Phillips of their one half share in the property located at 405 North Fulton, Texas City, Texas or any other property.

Pursuant to the **Texas Estate Code**, the estate of the ward may not be sold because the guardian failed to comply with **Texas Estate Code** § 1158.252-1158.256 and 1158.051

1)      property exempt from forced sale;

2)      property that is the subject of a specific legacy.

Therefore, the trial court exceeded its authority in signing an order granting said sale.

Additionally, no notice was provided to the children of the ward who have a justiciable interest in the home.

Moreover, appellant contends that selling the estate of the ward simply to compensate the guardian places the ward and the guardian in a position of conflict of interests, and said action is not sought in the best interests of the ward. Therefore, it is incumbent on the court to set aside said order and remove the guardian.

Same is clearly violative of the **United States Constitution, Fourteenth Amendment** in that it deprives the children of Lonnie Phillips, Jr. procedural due process in that they are being divested of a property right without notice and without benefit of a hearing.

More importantly, the guardian currently seeks instruction from the court as it relates to refusing to resuscitate the ward. No guardian who has a ward with living children should be vested with power to determine life or death, nor should be court be vested with such power. Deciding same, when the ward has living children, without first consulting them is a flagrant disregard for the rights and needs of the family and are further violative of his right to life as guaranteed by the United States Constitution.

The court has erred in continuing to issue orders contrary to the rights of the ward, when its orders are void due to lack of jurisdiction.

## CONCLUSION

Appellant sought an application to become his father's guardian. Said guardianship was sought for a limited matter and for a limited period. Through the actions of the court and the ad litems appointed in this cause, the ward is currently being divested of his rights, his property, and his life.

Appellant contends that the court lacked jurisdiction to open a guardianship proceeding at the outset because same was sought without meeting the jurisdictional prerequisites regarding notice and service. The order granting the temporary guardianship was signed without notice to the appellant who instituted guardianship

proceedings, the children and other relatives of the ward, and without notice to counsel. Therefore, the court lacked jurisdiction. The orders therefore entered thereafter were *void ab initio*. Therefore, all orders flowing from a void order when the court lacks jurisdiction are also void. Additionally, the orders should be set aside because the initial order was obtained ex parte offending the **Texas Rules of Professional Conduct**.

Additionally, the trial court offended the appellant's due process rights in its rulings in this cause and wholly refused to allow the appellant/ applicant to defend this cause or put on any evidence contrary to that proffered by the guardian, the guardian ad litem and the attorney ad litem.

**WHEREFORE PREMISES CONSIDERED**, the appellant prays that this Honorable Court:

1) Expedite ruling in this cause due to the issues involving the sale of the home and the application for a do no resuscitate order;

2) Reverse the orders of the trial court granting a guardianship;

3) Order all rulings and orders issued by the trial court as void;

4) Deny any applications for costs and attorney's fees;

5) Reverse any orders awarding fees against the ward's estate;

6)      Grant any other and further relief to which Appellant may be justly

entitled.

Respectfully submitted,

*/s/ Veronica L. Davis*

Veronica L. Davis

Attorney for Appellant

SBR # 05557300

226 N. Mattson

West Columbia, Texas 77486

(979) 345-2953

vld57atal@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served by efiling to opposing counsel on this the 18th day of September, 2015.

/s/ Veronica L. Davis

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is less than the 50 pages allowed by the Texas Rules of Appellate Procedure.  The word count is 9278, excluding those allowed by the aforementioned rule.

/s/ Veronica L. Davis